UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

PAIGE SMITH,
Plaintiff,

v.

DRIVE TAVERNA COLLECTION, LLC,
d/b/a Taverna INFINITI North Miami, and
THE TAVERNA COLLECTION INC.,
Defendants.

United States Courts
Southern District of Texas
F I L E D

JAN 2 0 2026

Nathan Ochsner, Clerk of Court

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*(Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.)*
JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331 (federal question).
2. Venue is proper in this District under 15 U.S.C. §1681p because Plaintiff resides in this District and the injuries were suffered here.

## II. PARTIES

3. Plaintiff Paige Smith is a natural person and "consumer" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(c), residing in Manvel, Texas.
4. Defendant Drive Taverna Collection, LLC, d/b/a Taverna INFINITI North Miami ("Dealer"), is a Florida limited liability company operating an automobile dealership that submitted or caused the submission of Plaintiff's personal information to third-party lenders.
5. Defendant The Taverna Collection Inc. ("Parent") is a Florida corporation that owns, controls, supervises, or directs dealership operations, policies, systems, and compliance, and is responsible for the acts and omissions alleged herein.
6. At all relevant times, Defendants acted individually and/or as agents of one another.

## III. FACTUAL ALLEGATIONS

7. In or about early August 2025, Plaintiff communicated with Defendants regarding a potential vehicle purchase.
8. On August 6, 2025, Plaintiff expressly withdrew from the transaction in writing and notified Defendants she was backing out.
9. On August 11, 2025, Plaintiff again confirmed in writing that she had purchased a vehicle elsewhere.
10. As of August 6, 2025, any "permissible purpose" to obtain, access, or cause access to Plaintiff's consumer reports under 15 U.S.C. §1681b was terminated.
11. Despite this withdrawal, Defendants continued to submit, resubmit, and/or facilitate submission of Plaintiff's personal information to lenders.
12. As a result, in excess of one hundred (100) hard credit inquiries were placed on Plaintiff's consumer credit files across multiple consumer reporting agencies after consent was withdrawn.
13. These inquiries occurred weeks and months after August 6, 2025, and were not the result of a single clerical error or one-time automated event.
14. The volume, duration, and multi-bureau scope of the inquiries reflect reckless disregard for FCRA compliance.
15. Plaintiff subsequently suffered credit denial, with the lender expressly citing "too many recent inquiries" as a reason for denial.
16. Defendants received formal pre-suit notice via certified mail to both the registered agent and dealership location, yet failed to respond or cure.

## IV. CAUSE OF ACTION

Willful Violations of the FCRA – 15 U.S.C. §§1681b(a), 1681n

17. Plaintiff realleges and incorporates by reference the foregoing allegations.
18. Defendants obtained and caused consumer reports to be obtained without a permissible purpose, in violation of 15 U.S.C. §1681b(a).
19. Defendants' conduct was willful, entitling Plaintiff to statutory damages, actual damages, punitive damages, and attorneys' fees and costs under 15 U.S.C. §1681n.

## V. DAMAGES

20. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:
    a. Credit denial and loss of credit opportunity;
    b. Damage to credit reputation and profile;
    c. Emotional distress; and
    d. Out-of-pocket losses and time expended.
21. Defendants' willful noncompliance warrants punitive damages to deter similar misconduct.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against Defendants, jointly and severally, for:

A. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);
B. Actual damages pursuant to 15 U.S.C. §1681n(a)(1)(A);
C. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);
D. Attorneys' fees and costs pursuant to 15 U.S.C. §1681n(a)(3);
E. Injunctive and declaratory relief to prevent further violations; and
F. Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Paige Smith
Plaintiff, Pro Se
5103 Wildwood Drive
Manvel, Texas 77578
Email: paigeamj@yahoo.com