United States Courts
Southern District of Texas
FILED

FEB 17 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAIGE SMITH,
Plaintiff,

v.

DRIVE TAVERNA COLLECTION, LLC and
THE TAVERNA COLLECTION INC.,
Defendants.

Civil Action No. 4:26-cv-00437

# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**TABLE OF EXHIBITS**

Exhibit 1 – Credit Inquiry Report (myFICO 3-Bureau Report showing August–December 2025 inquiries)

Exhibit 2 – Revocation Email Chain (August 6 and August 11, 2025 withdrawal of authorization)

Exhibit 3 – Apple Card Denial Letter (December 24, 2025 adverse-action notice citing excessive inquiries)

Exhibit 4 – Proofs of Service (Certified Mail receipts, USPS tracking, and service affidavits)

Exhibit 5 – Sworn Damages Declaration of Paige Smith

Exhibit 6 – Credit Score Decline (FICO score history showing 50-point drop after unauthorized inquiries)

Exhibit 7 – GEICO Adverse-Action Notice (higher-premium notice citing excessive inquiries)

Plaintiff Paige Smith moves for default judgment under Federal Rule of Civil Procedure 55(b) following the Clerk's entry of default against both Defendants.

The Clerk entered default against both Defendants on February 17, 2026.

1

## Liability

Defendants willfully accessed Plaintiff's consumer report without permissible purpose and continued doing so after Plaintiff revoked consent, violating 15 U.S.C. §§ 1681b and 1681n.

## Damages Requested (Joint and Several)

Plaintiff seeks damages available under 15 U.S.C. §1681n for willful violations of the FCRA.

After Plaintiff expressly revoked authorization on August 6, 2025, and again on August 11, 2025, Defendants continued to submit her personal information to numerous lenders, resulting in more than one hundred unauthorized hard inquiries across multiple consumer reporting agencies. These inquiries continued for weeks after consent was withdrawn.

As a direct result, Plaintiff suffered:

- Credit denial, including a December 24, 2025 denial from Goldman Sachs/Apple Card expressly citing "too many recent applications for credit."
- Damage to credit reputation, as reflected in her reduced credit score and inquiry-driven risk factors.
- Emotional distress, including anxiety, embarrassment, frustration, and ongoing fear of identity misuse.
- Time loss and out-of-pocket expenses spent attempting to correct the unauthorized inquiries.

Defendants' conduct was willful and reckless. The volume, duration, and multi-bureau scope of the inquiries—occurring after written revocation and after pre-suit notice—demonstrate conscious disregard for Plaintiff's FCRA rights.

Plaintiff therefore requests:

1. **Statutory damages:** Plaintiff **seeks** $1,000 statutory damages **reflecting** repeated willful violations.
2. **Actual damages:** $150,000
    a. Plaintiff's damages are supported by documentary evidence submitted with this Motion. Defendants' unauthorized inquiries are reflected in Plaintiff's credit report (Exhibit 1). Plaintiff's written revocation of consent and termination of any transaction are shown in the August email chain (Exhibit 2). Plaintiff was denied credit specifically due to excessive inquiries (Exhibit 3). Plaintiff's credit score declined substantially during the period of Defendants' conduct (Exhibit 6), and Plaintiff incurred increased insurance costs tied to credit information (Exhibit 7). These records establish concrete financial and reputational harm warranting substantial actual and punitive damages.
3. **Emotional distress damages:** $150,000
4. **Punitive damages:** $250,000
5. **Costs:** $1,000

Total requested: $552,000

Plaintiff requests judgment **jointly and severally** against both Defendants, plus post-judgment interest.

Respectfully submitted,

Paige Smith, Pro Se
5103 Wildwood Drive
Manvel, TX 77578
713-261-0300
paigeamj@yahoo.com



**CERTIFICATE OF SERVICE** I certify that a true and correct copy of the foregoing was mailed to Defendants at their last known addresses on February 17, 2026.

4