UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Civil Action No. 4:26-cv-00437

PAIGE SMITH,

    Plaintiff,

v.

THE TAVERNA COLLECTION, INC, et al.

    Defendants.

_____/

**DEFENDANTS' OPPOSED MEMORANDUM IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT, *NUNC PRO TUNC***

Defendants, The Taverna Collection, Inc. and GianMarco Taverna d/b/a Taverna INFINITI North Miami (improperly identified as "Drive Taverna Collection, LLC d/b/a Taverna INFINITI North Miami") respectfully submit this memorandum in support of their motion for an extension of time, up to and through March 16, 2026, to respond to Plaintiff's Complaint. This request is made pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and is submitted without waiver of, and with the express reservation of, all defenses available under Federal Rule of Civil Procedure 12, including but not limited to insufficiency of service of process, lack of personal jurisdiction, improper party designation, and any other jurisdictional or procedural defenses.

    **i.**    **Background.**

According to Plaintiff's filed Proof of Service (D.E. 5), The Taverna Collection, Inc. was purportedly served on January 21, 2026, and Drive Taverna Collection, LLC was purportedly served on January 23, 2026. *See* D.E. 5 at 1–2. Under Federal Rule of Civil Procedure

12(a)(1)(A)(i), a defendant must serve an answer within twenty-one days after being served with the summons and complaint. Based on the dates reflected in Docket Entry 5, the response deadlines would have been February 11, 2026 and February 13, 2026, respectively. As set forth below, the failure of the Defendant to timely respond was due to excusable neglect such that a brief extension of time is warranted to address this matter on the merits.

  ii.  **Legal Argument**

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court, for good cause, to extend a deadline after its expiration upon a showing of excusable neglect. The Supreme Court has held that excusable neglect is an equitable determination requiring consideration of all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fifth Circuit applies the same factors in evaluating Rule 6(b) motions. *In re Neurology & Neurophysiology Assocs., P.A.*, 628 F. App'x 248, 251 (5th Cir. 2015). The Fifth Circuit has further adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Default judgments are a drastic remedy and are disfavored. *Sun Bank of Ocala*, 874 F.2d at 276.

  i.  **The Record Establishes Good Cause and Excusable Neglect Warranting a Brief Extension**

Good cause and excusable neglect exist here. With respect to The Taverna Collection, Inc., although Docket Entry 5 reflects purported service on January 21, 2026, only a summons was forwarded internally by the Defendant's registered agent. The Complaint itself was not included

with the materials received by the corporate decision-maker. Federal Rule of Civil Procedure 4(c)(1) expressly requires that a summons be served together with a copy of the complaint. The absence of the operative pleading meant that the materials received did not contain the allegations, claims, or relief sought, and therefore did not trigger the level of internal review typically associated with active litigation. Without the Complaint, the significance of the service was, admittedly, not fully appreciated. It was only when the Defendant received Plaintiff's "*Notice of Submission*" on February 24, 2026 did Defendant realize the gravity of the circumstances and immediately retained the undersigned counsel who then began the process of seeking admission to the District.

Defendants candidly acknowledge that any summons should be treated with seriousness and that closer attention would have been preferable. However, under the specific circumstances presented, where the pleading required by Rule 4(c)(1) was not provided to the decision-maker, the failure to escalate the matter immediately was not the product of bad faith, strategic delay, or intentional disregard. Rather, it reflects a misunderstanding based upon incomplete service materials. While not ideal, Defendant respectfully submits that the oversight was not unreasonable in light of the circumstance and occurred in the absence of bad faith.

The circumstances concerning "Drive Taverna Collection, LLC d/b/a Taverna INFINITI North Miami" further support a finding of excusable neglect. A review of official Florida Division of Corporations records confirms that "Drive Taverna Collection, LLC" is not an entity in existence. The fictitious name "*Taverna INFINITI North Miami*" is registered to GianMarco Taverna, an individual. [1] Defendants have submitted Sunbiz printouts reflecting both the fictitious

---

[1] For the sake of avoidance of doubt, this motion is made specially and without waiver of service, without submission to the personal jurisdiction of this Court, and with the express reservation of all defenses under Rule 12(b), including insufficiency of service of process and lack of personal jurisdiction. Nothing in this motion should be construed as a

name registration identifying GianMarco Taverna as the owner and the absence of any entity named "*Drive Taverna Collection, LLC*" as exhibits "A" and "B," respectively.[2] The Court may take judicial notice of these public records pursuant to Federal Rule of Evidence 201(b)(2), which permits judicial notice of facts capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. *See, e.g., United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001). Defendant respectfully requests that the Court take judicial notice of these records.

The Proof of Service reflects purported service on January 23, 2026, directed to "Drive Taverna Collection, LLC." *See* D.E. 5 at 2. Because that entity does not exist, service upon an employee of the dealership, for a non-existent entity, did not reasonably trigger appropriate internal legal review. Moreover, it is irrefutable that GianMarco Taverna, the individual owner of the fictitious name, was not personally served and put on notice of the litigation. D.E. 5 at 2. Service directed to a non-existent corporate entity does not constitute valid service upon an individual registrant of a fictitious name. Under these circumstances, it was not unreasonable that those receiving documents referencing a non-existent entity did not immediately recognize a binding obligation to respond on behalf of a legally cognizable defendant.

    **ii.**    **The Pioneer Factors Weigh Decisively in Favor of Granting the Requested Extension**

Application of the *Pioneer* factors strongly favors relief. This case was filed in January 2026 and remains in its earliest stage. No scheduling order has been entered, no Rule 26(f) conference has occurred, and no substantive proceedings have taken place. The requested extension to March 16, 2026 is brief and will not prejudice Plaintiff or materially impact the

---

general appearance on behalf of GianMarco Taverna or as a concession regarding the sufficiency of service, jurisdiction or venue.

[2] Should the Court elect to do so, it may query the portal through the following link: https://dos.fl.gov/sunbiz/search/

Court's docket. The delay is limited in duration and arose from service irregularities and good-faith confusion rather than willful disregard. Defendants have now retained counsel and acted promptly to address the matter.

Granting this short extension promotes the Fifth Circuit's clear preference for adjudication on the merits rather than by procedural default. *Rogers*, 167 F.3d at 936; *Sun Bank of Ocala*, 874 F.2d 274, 276. It will also promote judicial economy by permitting counsel to confer pursuant to the Local Rules regarding anticipated motions and to evaluate whether early resolution may be feasible before the parties incur unnecessary expense.

Under these circumstances, the neglect, though not ideal, was excusable within the meaning of Rule 6(b). The absence of the Complaint and the service directed to a non-existent entity did not trigger appropriate internal review mechanisms, and while Defendants acknowledge that heightened vigilance would have been preferable, the oversight was understandable and occurred with no bad faith intended. Rule 6(b) exists precisely to prevent minor procedural missteps, unaccompanied by prejudice or bad faith, from producing disproportionate consequences.

### iii.  Conclusion

For these reasons, Defendants respectfully request that the Court extend their deadline to respond to the Complaint up to and through March 16, 2026, without waiver of any jurisdictional or service-related defenses, and grant such other and further relief as the Court deems just and proper.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D) of the Local Rules of the United States District Court for the Southern District of Texas, undersigned counsel certifies that on March 2nd-3rd, 2026, counsel

conferred with Plaintiff via email regarding the relief requested in Defendants' Motion for Extension of Time to Respond to Complaint. The Parties were unable to reach agreement on the requested extension. Accordingly, this Motion is submitted to the Court for determination.

Respectfully submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
**JOSHUA FEYGIN, PLLC**
4601 Sheridan St #205,
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357

## CERTIFICATE OF SERVICE

I hereby certify that Tuesday, March 3, 2026, a true and correct copy of the foregoing Defendants' Motion for Extension of Time to Respond to Complaint was filed electronically with the Clerk of Court using the CM/ECF system.

I further certify that a true and correct copy was served upon Plaintiff, who is proceeding *pro se*, via United States Mail, First Clas Mail, addressed as follows:

Paige Smith
5103 Wildwood Drive
Manvel, TX 77578

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685