# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

APR 0 8 2026

Nathan Ochsner, Clerk of Court

**PAIGE SMITH,**

**Plaintiff,**

**v.**

**DRIVE TAVERNA COLLECTION, LLC and**

**THE TAVERNA COLLECTION INC.,**

**Defendants.**

**Civil Action No. 4:26-cv-00437**

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S OMNIBUS MOTION TO TRANSFER, DISMISS, OR FOR OTHER RELIEF

## I. INTRODUCTION

Plaintiff respectfully opposes Defendant's Omnibus Motion, which seeks to transfer venue, dismiss claims, and otherwise avoid adjudication on the merits.

Defendant's motion is premature, factually incomplete, and improperly attempts to shift the burden of litigation to Plaintiff despite substantial connections between this dispute and the State of Texas.

At its core, this case concerns unlawful access to and misuse of Plaintiff's consumer credit information, the resulting harm of which was suffered in Texas, where Plaintiff resides, maintains her credit profile, and experienced the financial and reputational consequences of Defendant's conduct.

## II. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF TEXAS

Defendant's assertion that Texas is an improper venue is incorrect.

Under 28 U.S.C. § 1391(b)(2), venue is proper in any district where a substantial part of the events or omissions giving rise to the claim occurred.

Here:

- Plaintiff is a Texas resident

- Plaintiff's credit profile is maintained and accessed in Texas

- The alleged unauthorized credit inquiries impacted Plaintiff in Texas

- Plaintiff suffered financial harm, credit score impacts, and adverse lending consequences in Texas

Courts have repeatedly recognized that in FCRA actions, the place where the plaintiff experiences harm is a relevant and substantial factor in determining venue. See, e.g., *Bates v.*

*C&S Adjusters, Inc.*, 980 F.2d 865, 867–68 (2d Cir. 1992) (holding that venue is proper where the plaintiff receives and experiences the effects of the defendant's actions).

Defendant improperly attempts to limit the analysis solely to its own location, ignoring the situs of injury and the downstream effects of its actions.

## III. DEFENDANT HAS NOT MET ITS BURDEN FOR TRANSFER

Even if venue is proper in multiple districts, Defendant bears the burden of showing that transfer is clearly more convenient.

Defendant fails to meet this burden.

### A. Convenience Is Not One-Sided

Defendant argues that Florida is more convenient because its witnesses and records are located there.

However:

- Transfer would merely shift inconvenience from Defendant to Plaintiff

- Plaintiff, as an individual litigant, would face significant burden litigating in Florida

- Defendant is a corporate entity with greater resources and capacity to litigate in multiple forums

The Fifth Circuit has made clear that transfer is not appropriate where it simply shifts inconvenience between parties. See In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008).

### B. Defendant's Assertions Are Unsupported and Premature

Defendant relies heavily on generalized statements regarding witnesses and records but has not provided sufficient detail to establish:

- The necessity of in-person testimony at this stage

- The inability to utilize remote discovery tools

- The materiality of each referenced witness

These assertions are speculative and insufficient to justify transfer.

## IV. LIMITED JURISDICTIONAL DISCOVERY IS WARRANTED

Plaintiff respectfully requests the opportunity to conduct limited discovery regarding:

- The location and mechanism of credit inquiry submissions

- The role of third-party lenders and data furnishers

- Whether any actions occurred within or were directed toward Texas

- The extent of Defendant's contacts with Texas consumers

Such discovery is necessary to fully evaluate Defendant's venue arguments and ensure that any decision on transfer is based on a complete factual record.

Without such discovery, Defendant's assertions regarding venue remain untested and should not be accepted at face value.

## V. DISMISSAL OF "DRIVE TAVERNA COLLECTION, LLC" IS PREMATURE

Defendant argues that one named entity does not exist and seeks dismissal.

Plaintiff does not oppose clarifying or correcting party identification as necessary.

However:

- Dismissal at this stage is premature

- Plaintiff should be granted leave to amend to properly identify responsible parties

- The substance of Defendant's conduct remains unchanged regardless of naming technicalities

Federal courts favor resolving claims on the merits rather than procedural technicalities.

## VI. DEFENDANT'S MOTION APPEARS DESIGNED TO DELAY PROCEEDINGS AND SHIFT LITIGATION BURDEN

Defendant's motion follows Plaintiff's efforts to secure default and appears to be a strategic attempt to:

- Avoid adjudication in Plaintiff's chosen forum

- Delay proceedings

- Increase litigation burden on Plaintiff

Such tactics should not be rewarded where venue is proper and Plaintiff has alleged actionable harm.

## VII. ALTERNATIVE RELIEF

If the Court is inclined to grant Defendant's request in any respect, Plaintiff respectfully requests:

- Transfer rather than dismissal

- Leave to amend to properly identify parties

- Preservation of all claims and causes of action

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Deny Defendant's Motion in its entirety

- Permit limited jurisdictional discovery

- Grant such other and further relief as justice requires

Respectfully submitted,

Paige Smith
5103 Wildwood Drive
Manvel, Texas 77578
paigeamj@gmail.com
713-261-0300
Pro Se Plaintiff